**GULF PIPE LINE CO. et al. v. CORRELL, County Assessor, et al.**

No. 17921. Opinion Filed Feb. 14, 1928.

(Syllabus.)

**Appeal and Error—Affirmance Where Action of Plaintiffs in Error Founded on Statute Later Held Unconstitutional.**

Where the statutory provisions, upon which the action of plaintiffs is founded, have been subsequently held unconstitutional and void by the Supreme Court, the judgment of the trial court in favor of defendants will not be disturbed by this court on appeal.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the Gulf Pipe Line Company and the Gypsy Oil Company against R. A. Correll, as County Assessor of Osage County, and Harry Buzan, as County Treasurer of Osage County, to declare certain tax levies illegal and to enjoin the defendants from collecting taxes on account of such levies. Judgment for defendants, and plaintiffs appeal. Affirmed.

James B. Diggs, William C. Liedtke, Redmond S. Cole, and C. L. Billings, for plaintiffs in error.

C. K. Templeton, County Attorney, and A. L. Jeffrey, for defendants in error.

MASON, V. C. J. This action was begun by the plaintiffs in error against the defendants in error, wherein it was alleged that certain items included in the tax levy for Osage county for the fiscal year beginning July 1, 1926, and ending June 30, 1927, were excessive, illegal, and void, and praying that the defendants be enjoined from extending said items on the tax rolls and from collecting the taxes there sought to be raised.

The case was tried to the court upon an agreed statement of facts in conjunction with other cases. The court sustained plaintiffs as to some of their contentions and overruled them as to others. Plaintiffs have appealed and the sole question presented is the validity of a levy of 3.4 mills sought to be made for the county highway fund in addition to the 4-mill levy for current expenses, but within the

8-mill levy, as limited by the Constitution. The trial court found that the levy of 3.4 mills was a legal levy.

It is conceded by both parties that this proceeding was instituted under the provisions of State Question No. 141, Initiative Petition No. 92, being an act regulating the manner of assessing taxes, which was adopted by a vote of the people at the primary election held on August 3, 1926.

Section 3 of said measure authorizes any taxpayer to institute an action of injunction in the district court to enjoin the spreading upon the records of any illegal or excessive portion of any levy for taxation. The validity of this act was drawn in issue in the case of Atchison, T. & S. F. Ry. Co. v. Long, 122 Okla. 86, 251 Pac. 486, and this court held a portion of said act to be unconstitutional and the remaining portion to be inoperative and the entire act was stricken down.

Inasmuch as plaintiffs concede their action is founded on said act, which has been held unconstitutional, they were not entitled to recover, and the judgment of the trial court in favor of the defendants must be affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, RILEY, CLARK, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 1120, §3109; 2 R. C. L. p. 277.